<u>UNITED STATES DISTRICT COURT</u>
<u>SOUTHERN DISTRICT OF OHIO</u>
<u>EASTERN DIVISION</u>

| | |
|---|---|
| **JOHN DOE**<br>6908 WILLOW BLOOM DR.<br>CANAL WINCHESTER, OH, 43110 | CASE NO. **2:25 CV 0773** |
| *Plaintiff,* | **PLAINTIFFS' COMPLAINT** |
| AND | **JUDGE MARBLEY** |
| UNKNOWN<br>(CLASS PLAINTIFFS) | **MAGISTRATE JUDGE DEAVERS** |
| -vs- | **JURY DEMAND ENDORSED**<br>**HEREON** |
| **THE OHIO SUPREME COURT**<br>65 SOUTH FRONT ST.,<br>COLUMBUS, OHIO 43215<br>(INDIVIDUALLY AND IN THEIR OFFICIAL<br>CAPACITY) | |
| AND | |
| **THE OHIO BOARD OF LAW EXAMINERS**<br>65 SOUTH FRONT ST., 5TH FLOOR<br>COLUMBUS, OHIO 43215<br>(INDIVIDUALLY AND IN THEIR OFFICIAL<br>CAPACITY) | |
| AND | |
| **NATIONAL CONFERENCE OF BAR EXAMINERS**<br>302 S. BEDFORD ST.,<br>MADISON, WISCONSIN 53703<br>(INDIVIDUALLY AND IN THEIR OFFICIAL<br>CAPACITY) | |
| AND | |
| **JOHN DOE**<br>(UNKNOWN DEFENDANT) | |
| *Defendants.* | |

**Verified Complaint**

GENERAL ALLEGATIONS

1.  Anonymous, Plaintiff (hereinafter "Plaintiff"), is an individual and at all relevant times was a resident of Ohio at the time of injury who graduated from an ABA-accredited law school, met Ohio's character and fitness standards, successfully completed the Ohio Law component, and is otherwise qualified to be admitted to the Ohio Bar.

2.  Defendant, The Ohio Supreme Court (hereinafter "Supreme Court of Ohio") is a governmental organization headquartered at 65 South Front St, Columbus, Ohio, at all relevant times the Ohio Supreme Court is a "governmental agency" and an "employer" as outlined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and receives federal funding. And its members acted under the color of law.

3.  Defendant, The Ohio Board of Law Examiners (hereinafter "Board of Law Examiners") is a governmental organization headquartered at 65 South Front St, Columbus, Ohio at all relevant times the Board of Law Examiners is a governmental agency" and an "employer" as outlined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, and by extension to its relationship with the Supreme Court of Ohio, receives federal funding. And its members acted under the color of law.

4.  Defendant, The National Conference of Bar Examiners (hereinafter "NCBE") is a non-profit corporation headquartered in Madison, Wisconsin, at all relevant times, Defendant NCBE is contracted to do business with the Board of Law Examiners and conducts business in Ohio's Southern District. The NCBE also receives federal funding.

5.  An additional third-party Defendant may also be liable for Plaintiff's damages.

## JURISDICTION AND VENUE

6. This court has jurisdiction over these claims pursuant to 28 USC §§ 1331, 1343, 1367, 2201, and 2202. 28 U.S.C. § 1343(3), 42 U.S.C. § 1983, Title VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

7. Venue is properly laid in this court pursuant to 28 USC §1391(b), as the Defendants are headquartered in, reside in, or conduct business in the Southern District of Ohio, where the claim arose.

## FACTUAL ALLEGATIONS

8. Plaintiff alleges each allegation contained in paragraphs 1 through 7 as if the same were fully restated herein.

9. Plaintiff is of African American descent.

10. Upon graduating from law school, Plaintiff paid the appropriate fees to seek referral, from the Board of Law Examiners, to be licensed as an Ohio attorney under Rule I Section 1(E) of the Supreme Court Rules for the Government of the Bar of Ohio.[1]

11. Before taking Ohio's UBE Bar licensing exam, Plaintiff used a professional bar-prep course to study for the exam.

12. Plaintiff incurred the additional costs of room and board to sit for Ohio's UBE Bar licensing exam.

13. Plaintiff sat for and completed Ohio's July 2023, February 2024, and July 2024 UBE Bar licensing exams.

---

[1] *Available* at https://www.supremecourt.ohio.gov/docs/LegalResources/rules/govbar/govbar.pdf

14. On October 27, 2023, the Board of Law Examiners Defendants informed Plaintiff that she failed to meet Rule I Section 1(E)'s licensing standard to be referred to the Ohio Supreme Court for Bar admission.

15. Before taking Ohio's July 2024, UBE Bar licensing exam, Plaintiff again used a professional bar-prep course to study for the exam.

16. Plaintiff again paid the appropriate fees to seek referral from the Board of Law Examiners to be licensed as an Ohio attorney under Rule I Section 1(E).

17. Plaintiff incurred the additional costs of room and board to sit for Ohio's July 2024 UBE Bar licensing exam.

18. On October 25, 2024, the Board of Law Examiners Defendants again informed Plaintiff that she had failed to meet the licensing standards to be referred to the Supreme Court of Ohio for Bar admission.

19. The sole licensing standard that Plaintiff failed to meet is Rule I Section 1(E)'s required 270 UBE score.

20. At the time of Plaintiff's filing, the Board of Law Examiners has not referred Plaintiff for licensing to the Supreme Court of Ohio due to her unsuccessful attempts to achieve a 270 on the UBE as outlined in Rule 1 Section 1(E).

21. At the time of Plaintiff's filing, Plaintiff is not licensed to practice Ohio law.

22. Plaintiff has again paid the appropriate fees to seek referral, from the Board of Law Examiners, to be licensed as an Ohio attorney under Rule I Section 1(E) in July 2025.

23. Plaintiff is currently scheduled to take Ohio's July 2025, UBE Bar licensing exam.

24. Plaintiff filed an EEOC Inquiry on February 25, 2025, inquiry number 532-2025-02093.

25. Plaintiff obtained an EEOC right-to-sue letter on June 27, 2025.

## COUNT ONE TITLE VII 42 U.S. CODE § 2000e CIVIL RIGHTS VIOLATION

26. Plaintiff alleges each allegation contained in paragraphs 1 through 25 as if the same were fully restated herein.

27. The Supreme Court of Ohio has adopted rules governing the licensing of all Ohio attorney practitioners.

28. Those rules are outlined in Rule I Section 1(E) of the Supreme Court of Ohio's Rules for the Government of the Bar of Ohio.

29. Under those rules, Ohio's Board of Law Examiners has established standards that a Bar candidate/applicant must meet before receiving referral to the Supreme Court of Ohio for Bar licensing.

30. In 2020, the Supreme Court of Ohio Defendants instituted a new Bar licensing requirement of achieving a 270 UBE exam score before candidates/applicants may be referred to the Supreme Court of Ohio for Bar licensing.

31. The Board of Law Examiners' contracts with the NCBE to develop, administer, and score Ohio's UBE Bar licensing exam.

32. Working in conjunction with the NCBE in July 2023, February 2024, and July 2024 the Board of Law Examiners administered Ohio's UBE Bar licensing exam.

33. Plaintiff failed to achieve the required licensing score on each of the aforementioned Ohio UBE licensing exams.

34. Candidates/applicants who do not achieve the aforementioned required score are not referred to the Supreme Court of Ohio for licensing and do not have reasonable alternatives to meet the minimum standards to gain employment as licensed Ohio attorney practitioners.

35. Over the past decade, African Americans have made up around 14% fourteen percent of Ohio's overall population. [2]

36. During this same time, African Americans consist of around 43% forty-three percent of Ohio's prison population and 34% thirty-four percent of its jail population.[3]

37. Yet during this period, African Americans only account for around 4% four percent of Ohio's Bar membership.[4]

38. Data indicates that during this same period, Ohio's Caucasian population makes up 80% eighty percent of Ohio's residences while accounting for nearly 83% eighty-three percent of Ohio's Bar membership.

39. Since 1987, African American enrollment in Ohio's 9 accredited law schools has steadily increased.

40. Yet over the past decade, Ohio's African American Bar membership has remained below the national average.

41. Over the past 4 years, on average, 39.5% of first-time African American Bar Candidates fail the UBE Bar licensing exam, in the state in which the UBE was taken, while only 15% fifteen percent of first-time Caucasian Candidates fail. [5]

42. These numbers indicate that the UBE has engendered a disparate impact on African Americans seeking to gain employment as licensed attorneys.

---

[2] *Available* at https://dam.assets.ohio.gov/image/upload/development.ohio.gov/research/Ohio-African-American-Population-2022.pdf
[3] *Available* at https://www.prisonpolicy.org/profiles/OH.html
[4] *Available* at https://www.ohiobar.org/globalassets/public-resources/profile-of-legal-profession/pdfs/polp_public_2021.pdf
[5]
https://www.americanbar.org/content/dam/aba/administrative/legal_education_and_admissions_to_the_bar/statistics/2023/2023-bpq-national-summary-data-race-ethnicity-gender.pdf

43. Thus, the Supreme Court of Ohio Defendants' Rule I Section 1(E) UBE licensing standards constitute a resistance to the full employment of otherwise qualified African American attorneys.

44. Since 2002, the Supreme Court of Ohio Defendants have failed to take adequate steps to counteract the disparities in the disproportionate number of licensed Ohio African American attorneys.

45. The Defendants are aware of alternative standards/methods for judging and or licensing competence Ohio attorney practitioners.

46. The Supreme Court of Ohio Defendants have persisted with the new arbitrary UBE testing standards, despite the fact that these standards do not sufficiently measure a candidates/applicants' ability to practice entry-level Ohio law.

47. If licensed and admitted, the Supreme Court of Ohio maintains the authority, control, and has established rules by which the Plaintiff may remain a member in good standing and employed as a licensed Ohio attorney practitioner.

48. If licensed and admitted, the Supreme Court of Ohio maintains the authority, control, and has established rules by which the Plaintiff may be disciplined while employed as a licensed Ohio attorney practitioner.

49. Once admitted, the Supreme Court of Ohio maintains the authority, control, and has established rules by which the Plaintiff may receive compensation during her employment as a licensed attorney practitioner.

50. Once admitted, the Supreme Court of Ohio Defendant also maintains the authority, control, and has established several other rules governing aspects of Plaintiffs' employment as a licensed attorney practitioner.

**Verified Complaint**                           7

51. Because Rule 1 Section 1(E)'s licensing standards have historically inhibited members of a "suspects classe's" ability to gain employment in a profession, and because the UBE standards are arbitrary, and do not measure a candidate/applicant's competency to practice law, the additional UBE licensing barrier is unconstitutional.

52. The Defendant's conduct in facilitating the aforementioned standards has caused the Plaintiff to suffer harm.

<u>COUNT TWO SECTION 601 TITLE VI CIVIL RIGHTS VIOLATION</u>

53. Plaintiff alleges each allegation contained in paragraphs 1 through 52 as if the same were fully restated herein.

54. The Supreme Court of Ohio Defendants receive federal funding through the National Criminal History Improvement Program, and the Department of Health and Human Services.

55. The NCBE also receives Federal Funding.

56. Between 1987 and 2022, minority law school enrollment has more than tripled nationwide.

57. American Bar Association data identifies 13,250 total minority enrollments in 1987-1988.

58. Current data identifies 38, 576 total minority enrollments as of 2023.[6]

59. Since 2009, African American enrollment in Ohio's 9 accredited law schools has steadily increased.

60. Yet over the past decade, Ohio's African American Bar membership has remained near 4 percent.

61. ABA data indicates that as of 2023, African Americans are around 26.4% percent less likely, than their white counterparts, to receive first-time bar licensing referrals under current UBE admission standards.

---

[6] *Available* at https://www.enjuris.com/students/law-school-race-2022/ also see https://arc.accesslex.org/ds-enrollment/5/

62. In 1993, the Supreme Court of Ohio Defendants created the Ohio Commission on Racial Fairness (OCRF).[7]

63. The OCRF was tasked with identifying "racial bias" in Ohio's legal system with the intent to propose "methods for eliminating it from the legal profession and the justice system."

64. The OCRF studied this topic for approximately 6 years.

65. In 1999, the OCRF released a report highlighting several areas where perceived and actual racial bias was found.

66. In 2000, as a result of the OCRF's findings, the Supreme Court of Ohio Defendants commissioned the Racial Fairness Implementation Task Force (RFITF).[8]

67. The RFITF was tasked with implementing the OCRF's findings.

68. In 2002, in response to their findings, the RFITF insisted that the Supreme Court of Ohio Defendants collect racial and ethnic information on bar examination candidates and monitor the results for race-based discrepancies in order to combat racial inequality in Ohio's legal system.

69. The Supreme Court of Ohio Defendants have failed to do so.

70. Before adopting its new Rule I Section 1(E) licensing standards in 2018, the Supreme Court of Ohio commissioned the Ohio Bar Examination Report and Recommendations Task Force.

71. The Ohio Bar Examination Report and Recommendations Task Force was commissioned to study the UBE's impact on the current Rule I Section 1(E) licensing standards.[9]

72. While studying the UBE's impact on Ohio's current Rule I Section 1(E) licensing standards, this Task Force recognized that the newly adopted UBE licensing standards had the potential

---

[7] *Available* at https://www.ohiobar.org/member-tools-benefits/practice-resources/practice-library-search/practice-library/the-report-of-the-ohio-commission-on-racial-fairness/

[8] *Available* at https://www.supremecourt.ohio.gov/docs/Publications/fairness/Action-Plan-dev.pdf

[9] *Available* at https://www.supremecourt.ohio.gov/docs/Publications/barExamTF/Report.pdf

for disproportionately impacting African Americans' ability to gain employment as licensed Ohio attorney practitioners.

73. Although "gender-related" disparate impact caused by the new licensing standards was extensively studied.

74. The Task Force failed to study the extent to which the newly adopted Rule I Section 1(E) UBE licensing standards would cause a disparate impact on African Americans.

75. After being made aware of historic discrimination in Ohio's legal system, the Supreme Court of Ohio Defendants failed to adhere to the recommendation of the RFITF and OCRF.

76. The Ohio Supreme Court Defendants adopted the new Rule I Section 1(E) licensing standards despite the Ohio Bar Examination Report and Recommendations Task Force's failure to conduct an equally extensive study on the licensing standards' disparate impact on African Americans.

77. The NCBE participated in a two-year-long study on the UBE and is also aware of its disproportionately negative impact on African Americans.[10]

78. Since October 2020, the Supreme Court of Ohio Defendant's Rule I Section 1(E) licensing standards have caused a substantially disproportionate number of Caucasian candidates/applicants to receive Ohio Bar referrals over African American candidates/applicants.

79. The Defendants, having access to the relevant UBE statistical data, failed to take measures to remedy the licensing standard's disproportional impact on African Americans.

---

[10] *Available* at
https://www.nybarexam.org/UBEReport/NY%20UBE%20Adoption%20Part%201%20Executive%20Summary.pdf

80. The Defendants, having access to decades of historical Ohio Bar membership data, which indicates that African Americans are substantially underrepresented, failed to take measures to remedy the licensing standards' effects on African American Bar licensing referrals.

81. The Defendants are aware of alternative means of ensuring competent African American candidates/applicants receive Ohio Bar licensing referrals.

82. The Defendants' conduct exhibits a pattern, or practice of intentional discrimination, or a deliberate indifference to the rights of African American Bar Candidates as well as unequal treatment.

83. The Defendants' conduct in facilitating the aforementioned standards has caused the Plaintiff to suffer harm.

COUNT THREE DUE PROCESS VIOLATION

84. Plaintiff alleges each allegation contained in paragraphs 1 through 83 as if the same were fully restated herein.

85. The Supreme Court of Ohio Defendant's Rule I Section 1(E) licensing standards are arbitrary.

86. If a new candidate/applicant fails to achieve a 270 UBE score, as outlined under the rules, she is barred from gaining employment as a licensed Ohio attorney practitioner.

87. No reasonable alternatives exist to gain employment as a licensed Ohio attorney practitioner if a candidate/applicant fails to achieve a 270 UBE score.

88. Statistics indicate that for a significant portion of first-time African American UBE test takers, a passing UBE score is unattainable by such reasonable study and application.

89. The Supreme Court of Ohio Defendant's Rule I Section 1(E) licensing standards have not been equally applied to all qualified Bar Candidates.

**Verified Complaint**

90. The Defendants' scoring of Plaintiff's written July 2023, February 2024, and July 2024 UBE Bar Exam was racially discriminatory.

91. The Defendants' conduct in facilitating the aforementioned standards has caused the Plaintiff to suffer harm.

<u>COUNT FOUR EQUAL PROTECTION VIOLATION</u>

92. Plaintiff alleges each allegation contained in paragraphs 1 through 91 as if the same were fully restated herein.

93. If a candidate/applicant takes and fails to achieve a 270 UBE score, she is barred from gaining employment as a licensed Ohio attorney practitioner.

94. Candidates/Applicants who have taken and failed to achieve a 270 UBE are not afforded the same opportunity to gain admission to practice Ohio law as other candidates/applicants who have not achieved a 270 UBE score in other jurisdictions.

95. The Ohio Bar Examination Report and Recommendations Task Force extensively studied the "gender-related" disparate impact caused by the newly adopted UBE's licensing standards.

96. The Defendants adopted the new UBE's admission standards largely devoid of any consideration of the disparate impact on African Americans.

97. The Supreme Court of Ohio Defendants' adoption of Rule 1 Section 1(E) admission standards amounts to unequal treatment which violates the Equal Protection Clause.

98. Defendant's conduct in facilitating the aforementioned standards has caused the Plaintiff to suffer harm.

<u>COUNT FIVE 42 U.S.C. § 1983 FAILURE TO TRAIN</u>

99. Plaintiff alleges each allegation contained in paragraphs 1 through 98 as if the same were fully restated herein.

**Verified Complaint**               12

100.    The Supreme Court of Ohio Defendants acted under the color of law when adopting Rule 1 Section 1(E) licensing standards.

101.    Since before 2020, the Supreme Court of Ohio Defendants have had access to decades of historical Ohio Bar membership data which indicates that African Americans are substantially underrepresented in Ohio's bar.

102.    Since 2020, the Supreme Court of Ohio Defendants have had access to relevant UBE statistical data that indicates that its licensing standards disproportional impact African Americans.

103.    After being made aware of historic discrimination in Ohio's legal system, the Supreme Court of Ohio Defendants failed to adhere to the recommendation of the RFITF and OCRF which offered measures to combat racial bias and inequality.

104.    The Supreme Court of Ohio Defendants have allowed its employees to participate in a pattern, or practice of intentional discrimination, or allowed its employees to exhibited a deliberate indifference to the rights of African American Bar Candidates in violation of Due Process, Equal Protection, Title VII, Title VI, federal and state law protections.

105.    The Defendants' conduct in facilitating the aforementioned standards has caused the Plaintiff to suffer harm.

<u>COUNT SIX NEGLIGENT/ INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

106.    Plaintiff alleges each allegation contained in paragraphs 1 through 105 as if the same were fully restated herein.

107.    The aforementioned relevant statistical data may be uncovered through normal means.

**Verified Complaint**             13

108. Each Defendant, having access to the relevant statistical data, negligently or intentionally failed to take adequate steps to remedy the above-listed unconstitutional and discriminatory disparities.

109. The NCBE has negligently failed to inform or educate the Supreme Court of Ohio Defendants of the scope or extent to which their UBE exam assesses a candidate's/applicant's minimum competence to practice law.

110. The Supreme Court of Ohio Defendants negligently failed to assess the UBE's disparate impact on African American test scores.

111. The NCBE has negligently failed to stop the Supreme Court of Ohio Defendants from allowing its UBE to have a disparate impact on African American Bar licensing candidates/applicants.

112. The aforementioned data outlines the discriminatory impact of Rule 1 Section 1(E) licensing standards, on a suspect class, which is insidious and offensive.

113. The Defendants' negligent conduct has caused the Plaintiff to suffer severe emotional distress.

**WHEREFORE,** Plaintiff respectfully prays for injunctive relief against the Supreme Court of Ohio and the Ohio Board of Law Examiners, pausing the continued administration of Ohio's UBE Bar Exam as outlined in Rule I Section 1(E) of the Supreme Court of Ohio's Rules for the Government of the Bar of Ohio, a declaratory judgment ordering the Supreme Court of Ohio to immediately admit Plaintiff to the Ohio Bar, a declaratory judgment indicating that Ohio's Rule 1 Section 1(E) admission standards are unconstitutional, and a monetary judgment in Plaintiff's favor against the Defendants jointly and severally in an amount in excess of 75,0000 seventy-five thousand dollars plus attorney's fees, costs and fees.

Respectfully submitted, on July 11, 2025,

**JOHN DOE**

/s/

John Doe *Pro-Se Plaintiff*
6908 Willow Bloom Dr.
Canal Winchester, OH, 43110
Phone: 216-525-9982

## JURY DEMAND

Plaintiffs respectfully request and demand that the above causes of action be tried by a jury.

Respectfully submitted,

JOHN DOE

/s/

John Doe *Pro-Se Plaintiff*
6908 Willow Bloom Dr.
Canal Winchester, OH, 43110
Phone: 216-525-9982

Dated: July 10, 2025

**Verified Complaint**                    16

### REQUEST FOR SERVICE

TO THE CLERK OF COURTS: PLEAS SERVE UNSERVED DEFENDANTS WITH A COPY OF THE

COMPLAINT AND SUMMONS VIA CERTIFIED US MAIL, RETURN RECEIPT REQUESTED, AT THE

ADDRESSES LISTED IN THE CAPTION OF THIS COMPLAINT.

Respectfully submitted,

JOHN DOE

___/s/_____

John Doe *Pro-Se Plaintiff*
6908 Willow Bloom Dr.
Canal Winchester, OH, 43110
Phone: 216-525-9982

**RICHARD SCHUSTER, CHIEF LEGAL OFFICER THE OHIO SUPREME COURT**
65 SOUTH FRONT ST.,
COLUMBUS, OHIO, 43215
614-387-9404

**THE OHIO BOARD OF LAW EXAMINERS**
65 SOUTH FRONT ST., 5TH FLOOR
COLUMBUS, OHIO, 43215
614-387-9340

**NATIONAL CONFERENCE OF BAR EXAMINERS**
302 S. BEDFORD ST.,
MADISON, WISCONSIN, 53703

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing *Verified Complaint* and supporting

documents will be served as soon as the summons is available on the following persons by

certified mail, return receipt requested.

**RICHARD SCHUSTER, CHIEF LEGAL OFFICER THE OHIO SUPREME COURT**
65 SOUTH FRONT ST.,
COLUMBUS, OHIO, 43215
614-387-9404

**THE OHIO BOARD OF LAW EXAMINERS**
65 SOUTH FRONT ST., 5TH FLOOR
COLUMBUS, OHIO, 43215
614-387-9340

**NATIONAL CONFERENCE OF BAR EXAMINERS**
302 S. BEDFORD ST.,
MADISON, WISCONSIN, 53703

Respectfully submitted,

**JOHN DOE**

___/s/_____
John Doe *Pro-Se Plaintiff*
6908 Willow Bloom Dr.
Canal Winchester, OH, 43110
Phone: 216-525-9982

**Verified Complaint**                    18

## Verification

I John Doe, declare as follows:

1. I am the Plaintiff in the present case, and I am a citizen of the United States of America. I am an Ohio Bar Candidate and otherwise qualified to be admitted to the Ohio Bar.

2. I have personal knowledge of myself, my activities, and my intention, including those set out in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*, and if called on to testify I would completely testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America that the factual statements in the *Complaint* concerning myself, my activities, and intentions are true and correct as best researched and recollected. 28 U.S.C. §1746.

Executed on 7/10/25, 2025
JULY 10TH

/s/ _____

John Doe Plaintiff

## SUPREME COURT RULES FOR THE GOVERNMENT OF THE BAR OF OHIO

**Rule**

| | |
|---|---|
| I | Admission to the Practice of Law |
| II | Limited Practice of Law by a Legal Intern |
| III | Legal Professional Associations Authorized to Practice Law |
| IV | Professional Responsibility |
| V | Disciplinary Procedure |
| VI | Registration of Attorneys |
| VII | Unauthorized Practice of Law |
| VIII | Lawyers' Fund for Client Protection of the Supreme Court of Ohio |
| IX | Temporary Certification for Practice in Legal Services, Public Defender, and Law School Programs |
| X | Continuing Legal Education |
| XI | Limited Practice of Law by Foreign Legal Consultants |
| XII | Pro Hac Vice Admission |
| XIII | [Reserved] |
| XIV | Certification of Attorneys as Specialists |
| XV | Supreme Court Commission on Professionalism |
| XVI | Lawyer Referral and Information Services; Legal Services Plans |
| XVII | [Reserved] |
| XX | Title and Effective Dates |

## RULE I.        ADMISSION TO THE PRACTICE OF LAW

### Section 1.        General Requirements.

To be admitted to the practice of law in Ohio, an applicant shall satisfy all of the following requirements:

(A)        Be at least twenty-one years of age;

(B)        Have earned a bachelor's degree or doctoral-level degree from an accredited college or university;

(C)        Have earned a J.D. or an L.L.B. degree from a law school that was approved by the American Bar Association at the time the degree was earned or, if not located in the United States, from a law school evaluated and approved in accordance with Sections 2(C), 10(C)(12), or 11(B)(7) of this rule;

(D)        Prior to taking the Ohio bar examination, being admitted without examination pursuant to Section 10 of this rule, or being admitted by transferred Uniform Bar Examination (UBE) score pursuant to Section 11 of this rule, have demonstrated that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law and have been approved as to character, fitness, and moral qualifications under procedures provided in this rule;

(E)        Have passed the Ohio bar examination or been admitted by transferred UBE score pursuant to Section 11 of this rule, passed the Ohio Law Component, and passed the Multistate Professional Responsibility Examination (MPRE), or have been approved for admission without examination pursuant to Section 10 of this rule;

(F)        Have taken the oath of office as provided in Section 9 of this rule.

### Section 2.        Preliminary Registration Requirements.

(A)        Every applicant who intends to take the Ohio bar examination shall file with the Office of Bar Admissions of the Supreme Court an Application to Register as a Candidate for Admission to the Practice of Law in Ohio. The applicant shall file the registration application by the fifteenth day of November in the applicant's second year of law school.

(B)        The registration application shall be on forms furnished by the Office of Bar Admissions and shall include all of the following:

(1)        A certificate from the dean of the law school the applicant is attending, certifying that the applicant has begun the study of law;

(2)        A properly authenticated transcript of college credits showing the applicant has earned a bachelor's degree in compliance with Section 1(B) of this rule or a certificate from the

 Gmail

 <dbsmith135@gmail.com>

## July 2025 Bar Exam - ExamSoft Registration
1 message

**Glaser, Ashlea** <Ashlea.Glaser@sc.ohio.gov>                                    Mon, Jul 7, 2025 at 11:31 AM
Cc: "Kline, Tiffany" <Tiffany.Kline@sc.ohio.gov>, "Martin, Joshua" <Joshua.Martin@sc.ohio.gov>

Dear Applicant:

You are receiving this email because you are currently registered to take the July 2025 bar examination in
Ohio.  The ExamSoft records show that you have not yet registered your laptop for the exam.  Please note,
if you intend to use your laptop to answer the written portion of the exam, you must register your laptop and
pay the ExamSoft fee no later than <u>**TOMORROW, JULY 8, 2025 BY 4:00 P.M.**</u>  Information regarding
ExamSoft registration was sent to you on June 3rd and June 10th.

-
If you will be handwriting the exam, please email me as soon as possible so that we can update our records.

Please let me know if you have any questions.

Regards,

Ashlea



**Ashlea Glaser (she/her) | Senior Bar Admissions Specialist | Supreme Court of Ohio**

65 South Front Street, 5th Floor ∎ Columbus, Ohio 43215-3431

**614.387.9340 (telephone)** ∎ **614.387.9349 (fax)**

Ashlea.Glaser@sc.ohio.gov

www.supremecourt.ohio.gov

# Redbook

# LBO Analysis of Executive Budget Proposal

# Judiciary/Supreme Court

### Robert Meeker, Budget Analyst
### February 2023

## TABLE OF CONTENTS

Quick look................................................................................................................... 1

Agency overview ......................................................................................................... 2

Summary of proposed budget ..................................................................................... 2

Analysis of FY 2024-FY 2025 budget proposal ........................................................... 2

Operating Expenses – Judiciary/Supreme Court (ALI 005321)..................................... 2

    Pay increases........................................................................................................ 3

State Criminal Sentencing Commission (ALI 005401)................................................... 4

Law-Related Education (ALI 005406)........................................................................... 4

Ohio Courts Technology Initiative (ALI 005409) .......................................................... 5

Attorney Services (ALI 005605)................................................................................... 5

Court Interpreter Certification (ALI 005617) ............................................................... 6

Civil Justice Grant Program (ALI 005626).................................................................... 6

Grants and Awards (ALI 005609) ................................................................................ 7

Continuing Judicial Education (ALI 005601).................................................................. 7

County Law Library Resources Boards (ALI 005620) ................................................... 8

Federal Grants (ALI 005603) ...................................................................................... 8

Attachment:

    Appropriation Spreadsheet

# LBO Redbook
# Judiciary/Supreme Court

## Quick look...

➢ The Judiciary/Supreme Court's (JSC) budget consists of three major components: (1) the operation of the Supreme Court, (2) the payment of the salaries and benefits of Ohio's judges, and (3) the payment of the salaries and benefits of the employees of the district courts of appeals.

➢ Total budget recommendations: $221.0 million in FY 2024 and $228.5 million in FY 2025.

• Sources of the budget: GRF (93.7%), state non-GRF (5.6%), and federal grants (0.8%).

• Approximately 90.0% of the Court's budget is for personal services (payroll).

| Fund Group | FY 2022 Actual | FY 2023 Estimate | FY 2024 Introduced | FY 2025 Introduced |
|---|---|---|---|---|
| General Revenue (GRF) | $188,135,098 | $197,771,168 | $206,748,336 | $214,244,544 |
| Dedicated Purpose (DPF) | $11,079,812 | $12,212,850 | $12,230,684 | $12,214,561 |
| Fiduciary (FID) | $208,014 | $323,500 | $308,500 | $308,500 |
| Federal (FED) | $1,702,057 | $1,807,866 | $1,746,957 | $1,717,558 |
| Total | $201,124,981 | $212,115,384 | $221,034,477 | $228,485,163 |
| % change | | 5.5% | 4.2% | 3.4% |
| GRF % change | | 5.1% | 4.5% | 3.6% |



**Chart 1: JSC Budget by Fund Group FY 2024-FY 2025 Biennium**

GRF 93.7%

State Non-GRF 5.6%

FED 0.8%

Biennial total: $449.5 million

**Chart 2: JSC Budget by Expense Category FY 2024-FY 2025 Biennium**

Personal Services 90.1%

Subsidies & Transfers 2.4%

Purchased Personal Services 3.5%

Supplies, Maintenance, & Equipment 4.0%

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Cleveland Field Office**
1240 E 9th St, Suite 3001
Cleveland, OH 44199
(216) 306-1120
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/27/2025

**To:** Mr. <span style="background:black">    </span>
6908 Willow Bloom Dr.
Canal Winchester, OH 43110

Charge No: 532-2025-02093

EEOC Representative:            Legal Unit
                                    (267) 589-9707

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you were not in an employment relationship with the Respondent.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 532-2025-02093.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
06/27/2025
Karen McDonough
Acting Director

cc:

Lisa Eschbacher
Deputy Chief Legal Officer, Legal & Compliance
Supreme Court of Ohio
65 South Front St.
Columbus, OH 43215

Please retain this notice for your records.