UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-0773 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| THE SUPREME COURT OF OHIO, *et al.*, | : | Magistrate Judge Elizabeth Preston Deavers |
| | : | |
| Defendants. | : | |

### DEFENDANT NATIONAL CONFERENCE OF BAR EXAMINERS' MOTION TO DISMISS PLAINTIFF JOHN DOE'S COMPLAINT AND MEMORANDUM IN SUPPORT

Defendant National Conference of Bar Examiners ("NCBE") hereby moves to dismiss Plaintiff John Doe's Complaint with respect to all claims asserted against NCBE. The federal statutory and constitutional claims fail as a matter of law or (in the case of her Title VI claim) have not been adequately alleged, and Plaintiff has failed to state a viable state law claim against NCBE.

### INTRODUCTION

Plaintiff John Doe failed the Ohio bar examination three times between July 2023 and July 2024. *See* Compl. ¶¶ 13, 33, ECF No. 1 at PAGEID # 3, 5. She registered to test again in July 2025 but did not take the exam. *See id.*, ¶ 23; Defs. the Ohio Supreme Court and Ohio Board of Bar Examiners' Combined Motion to Dismiss and Mem. in Opp. to Pl. Motion for Temp. Restraining Order And/Or Prel. Inj. at 1, ECF No. 24 at PAGEID # 239.[1]

---

[1] NCBE continues to refer to Plaintiff as "John Doe" pending a ruling by the Court on Plaintiff's motion to proceed anonymously. NCBE also continues to refer to Plaintiff as "she" or "her," because that is how Plaintiff refers to herself in her Complaint.

Alleging that the Ohio bar exam is racially discriminatory, Plaintiff's complaint accuses the Ohio Supreme Court, the Ohio Board of Law Examiners, and NCBE of violating her rights under the U.S. Constitution, various federal statutes, and Ohio common law. *See generally* Compl., ECF No. 1. As relief, she seeks an injunction "pausing the continued administration of Ohio's UBE Bar Exam;" a declaratory judgment "ordering the Supreme Court of Ohio to immediately admit Plaintiff to the Ohio Bar;" a declaratory judgment that Ohio's bar "admission standards are unconstitutional;" and damages from the "Defendants jointly and severally," plus "attorney's fees, costs, and fees." Compl. at 14, ECF No. 1 at PAGEID # 14.

The Supreme Court of Ohio and Ohio Board of Bar Examiners (collectively, the "Ohio Defendants") have previously moved to dismiss Plaintiff's Complaint. *See* ECF No. 24. Defendant NCBE now does likewise. As discussed further below, Plaintiff's Complaint against NCBE should be dismissed for the following reasons:

- Count One: Plaintiff's Title VII claim fails because Plaintiff has not exhausted her administrative remedies, and because NCBE is not Plaintiff's employer or otherwise subject to Title VII with respect to the actions challenged by Plaintiff.

- Count Two: Plaintiff's Title VI claim fails because Plaintiff has not adequately alleged that NCBE received federal financial assistance during the period relevant to her claims (and NCBE in fact received no such federal financial assistance).

- Count Three: Plaintiff's Due Process claim fails because NCBE is not a state actor.

- Count Four: If asserted against NCBE, Plaintiff's Equal Protection claim also fails because NCBE is not a state actor.

- Count Five: If asserted against NCBE, Plaintiff's claim under 42 U.S.C. § 1983 also fails because NCBE is not a state actor.

- Count Six: Plaintiff's claim against NCBE for negligent or intentional infliction of emotional distress fails because Plaintiff has not stated a claim for either cause of action.

- Request for Attorneys' Fees: Plaintiff's request for attorney's fees fails as a matter of law because non-lawyer *pro se* litigants are not entitled to recover attorney's fees.

## STATEMENT OF RELEVANT FACTS

NCBE is a private, non-profit corporation based in Wisconsin. *See* Compl. ¶ 4, ECF No. 1 at PAGEID # 2. Among other activities, NCBE assists bar admission authorities and state supreme courts by providing high quality, standardized examinations for individuals who seek admission to the practice of law. *See id.* ¶ 31, ECF No. 1 at PAGEID # 5.

Ohio has chosen to use certain NCBE exams as components in its bar examination. More specifically, Ohio uses the Uniform Bar Examination ("UBE"), which is composed of three exams developed by NCBE: the Multistate Bar Examination ("MBE"), the Multistate Essay Examination ("MEE"), and the Multistate Performance Test ("MPT").[2] The Ohio bar exam also includes a state-law component that NCBE does not develop.[3]

As of the filing of her Complaint, Plaintiff had unsuccessfully taken the Ohio bar examination three times (July 2023, February 2024, and July 2024). *See* Complaint ¶¶ 13, 33, ECF No. 1 at PAGEID # 3, 5. She alleges that she registered to re-take the Ohio bar examination again in July 2025, *id.* at ¶ 23, PAGEID # 4, but according to the Ohio Defendants she did not take the exam, *see supra* at 1.

---

[2] *See* www.supremecourt.ohio.gov/attorneys/admission-to-the-practice-of-law-in-ohio/ohio-bar-examination/uniform-bar-examination/. "A federal district court is permitted to take judicial notice of another court's website." *U.S. v. Newsome*, 3:14–cv–302, 2014 WL 5426291, at *1 (S.D. Ohio Oct. 23, 2014) (citation omitted); *see also Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) ("Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Public records and government documents are generally considered "not to be subject to reasonable dispute.") (citations omitted), *aff'd*, 552 F.3d 430 (6th Cir. 2008).

[3] *See* www.supremecourt.ohio.gov/attorneys/admission-to-the-practice-of-law-in-ohio/ohio-bar-examination/ohio-law-component/.

**LAW AND ARGUMENT**

I. **Legal Standard**

"In order for a complaint to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), its legal conclusions must be supported by factual allegations.... Allegations that are nothing more than 'a formulaic recitation of the elements of a cause of action' will not suffice under Fed.R.Civ.P. 12(b)(6)." *Yaldo v. Homeward Residential, Inc*., 622 F. App'x 514, 516 (6th Cir. 2015) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint '"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting [*Bell Atlantic Corp. v*.] *Twombly*, 550 U.S. [544, 570 (2007)]." *Rolle v. AurGroup Credit Union*, No. 1:21-cv-6, 2022 WL 1134592 at *9 (S.D. Ohio April 18, 2022). Failure to meet the *Iqbal/Twombly* standard warrants dismissal of a claim. *Id*.

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is [also] properly granted if, assuming the truth of all Plaintiff's allegations, Plaintiff fails as a matter of law to state a claim upon which relief may be granted." *Kohler v. Dep't of the Army Bd. for Correction of Military Records*, No. 15-CV-01615, 2016 WL 3477236 at *2 (N.D. Ohio June 27, 2016).

II. **Plaintiff's Title VII Claim Fails Because (1) She Has Not Exhausted Her Administrative Remedies and (2) NCBE is Not Her Employer**

In Count One of her complaint, Plaintiff alleges that NCBE violated Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, in connection with the administration of "Ohio's UBE Bar licensing exam" to Plaintiff in July 2023, February 2024, and July 2024. *See* Compl. ¶¶ 26-52, ECF No. 1 at PAGEID # 5-8. This claim fails as a matter of law for two independent reasons. First, she has not exhausted her administrative remedies, as Title VII plaintiffs must do before

4

seeking judicial relief. Second, NCBE is not her employer or otherwise subject to Title VII with respect to the actions challenged in this lawsuit.

### A. Plaintiff Has Not Exhausted Her Administrative Remedies

Title VII makes it an "unlawful employment practice" for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). Before filing a Title VII claim, however, a plaintiff must exhaust her administrative remedies by filing a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") or the corresponding state agency. *Williams v. Northwest Airlines, Inc.*, 53 F. App'x 350, 351-52 (6th Cir. 2002) (citations omitted). "Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII ... action." *Id.* at 351.

Plaintiff did not file a discrimination complaint against NCBE with the EEOC. An exhibit to her Complaint suggests that she filed an EEOC complaint against the Ohio Supreme Court, *see* ECF No. 1 at PAGEID # 25-26, but there is no allegation that she filed such a complaint against NCBE, and no supporting documentation has been provided to show that she did so. Her Title VII claim against NCBE should therefore be dismissed for failure to exhaust her administrative remedies. *See A've v. Serv. Employees Int'l Union,* 24 F. App'x 326, 330 (6th Cir. 2001) ("The district court properly dismissed all Title VII claims against the international union for failure to exhaust administrative remedies. That defendant was not named as a respondent in the EEOC charges filed by plaintiffs.... Title VII authorizes the filing of a suit only 'against the respondent named in the charge.' 42 U.S.C. § 2000e–5(f)(2). Thus, 'a party not named in an EEOC charge may not be sued under Title VII.'") (citations omitted).

5

### B. Title VII Does Not Apply to NCBE with Respect to the Actions Challenged in this Lawsuit

Plaintiff's Title VII claim against NCBE is also subject to dismissal on the grounds that NCBE is not subject to Title VII with respect to the actions challenged by Plaintiff. The UBE is a licensing exam, not an employment test, and NCBE is not Plaintiff's employer or otherwise subject to Title VII with respect to Plaintiff.

Indeed, Plaintiff now appears to concede this point. In the reply brief that she recently filed in support of her motion for a preliminary injunction, Plaintiff made the following statements:

> **Plaintiff does not seek an independent cause of action against the NCBE under Title VII. It is wholly unlikely that the NCBE could realistically be found to be Plaintiffs Title VII employer**.
>
> To the extent that the NCBE is not subjected to employer liability under Title VII, Plaintiff now requests that this court accept, or in the alternative, grants Plaintiff leave to amend her original Complaint to add one count of state law "civil conspiracy" and one count of "civil conspiracy" a prohibited under § 1985(3) against the NCBE for the institutions participation in the alleged Title VII violation.

*See* Pl. Reply to Defendant's Motion to Dismiss and Motion Opposing Plaintiff's Preliminary Injunction at 34, ECF No. 27 at PAGEID # 325 (emphasis added). Plaintiff thus recognizes that her Title VII claim against NCBE fails as a matter of law as currently pleaded. She states that she would like to amend her complaint to allege that NCBE conspired with the Ohio Defendants to violate her rights under Title VII, *see id.*, but any such amendment would be futile and would not rescue her Title VII claim against NCBE. As this Court has previously held, "§1985(3) may not be invoked to redress violations of Title VII." *Givan v. Greyhound Lines, Inc.*, 616 F. Supp. 1223, 1225 (S.D. Ohio 1985) (citing *Great Am. Fed'l Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 372-78 (1979)).

Consistent with the non-employer/employee role that licensing exams play in helping to protect the general public, numerous courts have declined to recognize Title VII claims in cases brought against licensing agencies. *See, e.g.*, *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017,

6

1019-20 (5th Cir. 2017) (holding State Board of Education's administration of teacher licensing examination and ability to decertify teachers who failed the exam did not subject the State Board to Title VII claims) (per curiam); *Camacho v. Puerto Rico Ports Auth.*, 369 F.3d 570, 578 (1st Cir. 2004) ("Our holding ... jibes with a long line of cases standing for the proposition, under either the ADEA or Title VII, that state licensing and regulatory agencies generally are not regarded as employers vis-à-vis those whom they license and regulate.") (citations omitted); *George v. New Jersey Bd. of Veterinary Med. Exam'rs*, 794 F.2d 113, 114 (3d Cir. 1986) (affirming dismissal of Title VII complaint against New Jersey Board of Veterinary Medical Examiners by plaintiff who claimed his application for admission to practice was denied based on his national origin); *Haddock v. Bd. of Dental Exam'rs of California*, 777 F.2d 462, 464 (9th Cir. 1985) (holding Title VII does not apply to the Board's licensing activity); *Delgado v. McTighe*, 442 F. Supp. 725, 730 (E.D. Pa. 1977) ("Neither the language of the Act nor its legislative history indicate that Congress ever intended Title VII to apply in the situation wherein applicants for admission to the bar allege discrimination in the grading of bar examinations.") (citations omitted); *cf. Lewis v. Hartsock,* No. 73-16, 1976 WL 13283, *7 (S.D. Ohio March 9, 1976) (rejecting argument, in a prior racial-discrimination challenge to the Ohio bar examination, that "the bar examination is in effect an employment test and as such should be judged by the Title VII testing guidelines" when evaluating plaintiffs' Equal Protection challenge, and stating that the "Civil Rights Act of 1964 has no application to the present case because defendants are not 'employers' as defined in 42 U.S.C. 2000e.").

NCBE is even further removed from any employment-related decision-making than the entities discussed in these cases, as it simply develops the UBE and scores the MBE component of that examination. Title VII is therefore inapplicable to NCBE with respect to its development

7

of the UBE and its related exam activities, as Plaintiff has correctly recognized. *See Giri v. Nat'l Bd. of Med. Exam'rs,* No. 24-cv-410, 2025 WL 304786, \*\*8-9 (D.D.C. Jan. 27, 2025) ("Plaintiffs' Title VII claims fail because NBME does not qualify as an employer for purposes of the statute…. [L]icensing boards ... 'have been routinely held not to be employers....' NBME [develops exams but] does not issue medical licenses. NBME is thus even further removed from decisions relating to … employment than licensing boards, and even less appropriately subject to Title VII liability.") (dismissing plaintiffs' Title VII claims) (citations omitted); *Alameda v. Ass'n of Social Work Boards*, No. 23-CV-6156, 2024 WL 4302389, at \*3 (S.D.N.Y. Sept. 25, 2024) (rejecting Title VII claim against an entity that developed the licensing exam relied upon by jurisdictions to evaluate the qualifications of social workers, and holding that *Sibley*'s interference theory did not warrant a contrary ruling); *Kiprilov v. Nat'l Bd. of Med. Exam'rs*, No. 16-0952, 2016 WL 6900723, at \*9-10 (C.D. Cal. Aug. 25, 2016) (dismissing Title VII claim by an examinee who challenged how NBME scored her medical licensing exam because "NBME has no employment relationship with the prospective examinees whose tests it scores and reports").

For both these reasons – failure to exhaust and the absence of any employment relationship between NCBE and Plaintiff – Plaintiff's Title VII claim against NCBE fails as a matter of law.

**III.     Plaintiff's Title VI Claim Against NCBE Fails as a Matter of Law Because NCBE Did Not Receive any Federal Financial Assistance During the Relevant Time Periods**

Count Two of Plaintiff's complaint alleges that NCBE and the Ohio Defendants violated Title VI of the Civil Rights Act in connection with Ohio's use of the UBE to help evaluate bar applicants. *See* Compl. ¶¶ 53-83, ECF No. 1, PAGEID # 8-11. Title VI states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *See* 42 U.S.C**.** § 2000d**.**

This claim against NCBE is subject to dismissal because Plaintiff has not alleged any facts that, taken as true, would support a finding that NCBE received federal financial assistance during the period within which Plaintiff has taken or registered to take the Ohio bar examination (July 2023 – July 2025). NCBE, in fact, received no federal financial assistance during this period, but the more immediate deficiency is one of pleading. Plaintiff offers only a barebones and conclusory assertion that "NCBE also receives Federal Funding," with no supporting factual allegations. *See* Compl. ¶ 55, ECF No. 1 at PAGEID # 8; *compare id.* at ¶ 54 ("The Supreme Court of Ohio Defendants receive federal funding through the National Criminal History Improvement Program, and the Department of Health and Human Services."). Such conclusory assertions regarding a defendant's alleged receipt of federal financial assistance are not sufficient to withstand dismissal. *See, e.g., Abadi v. Marina Dist. Devel. Co.*, No. 24-1188, 2024 WL 3984032, at *2 (3d Cir. Aug. 29, 2024) (affirming dismissal of statutory claim that requires receipt of federal financial assistance, because plaintiff "failed to state sufficient facts to support his conclusory assertion that [defendant] qualified as a 'program or activity receiving Federal financial assistance'"); *Elmore v. Islas*, No. 2:24-cv-01719, 2024 WL 3914608, at *8 (C.D. Cal. April 29, 2024) ("Plaintiff has not sufficiently alleged that these defendants were receiving federal financial assistance. Plaintiff's mere allegation that Defendants receive 'Federal funds and assistance,' which is conclusory in nature and lacking any factual support, is insufficient to show any particular defendant was receiving federal financial assistance to carry out a 'program or activity' under Title VI."); *Musgrove v. Board of Regents of Univ. Sys. of Georgia*, No. 3:18-CV-80, 2019 WL 13301434, at *4 (M.D. Ga. Feb. 14, 2019) (dismissing statutory claim that required receipt of federal financial assistance where the complaint contained only "the conclusory allegation ... that '"Defendants"'

9

are engaged in 'programs or activities that receive federal financial assistance and are therefore subject to Section 504'").

Because Plaintiff has failed to allege facts that, taken as true, would state a Title VI claim against NCBE, her Title VI claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**IV.     Plaintiff's Due Process Claim Against NCBE Fails as a Matter of Law Because NCBE is Not a State Actor**

Plaintiff appears to be asserting her Due Process claim against all defendants. *See* Compl. ¶¶ 84-91, ECF No. 1 at PAGEID # 11-12. The claim fails as a matter of law with respect to NCBE because a Constitutional due process claim can only be asserted against state actors and testing entities like NCBE are not state actors. *See Alston v. Nat'l Conf. of Bar Exam'rs*, 314 F.Supp.3d 620, 625 (E.D. Pa. 2018) ("NCBE is a private, non-profit corporation, which receives no public funding. Plaintiff cites no precedent to support the proposition that NCBE's activities assisting courts with the qualifications of lawyers would amount to governmental action."); *see also, e.g., Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 250 (7th Cir. 1994) ("That states make certification by the Board a prerequisite for some public positions does not convert the Board into a state actor, any more than a state's insistence that some employees have advanced degrees converts every college and university into a state actor."); *Langston v. ACT*, 890 F.2d 380, 384-85 (11th Cir.1989); *Johnson v. ETS*, 754 F.2d 20, 24 (1st Cir. 1985) ("[T]he formulation, grading, and reporting of standardized tests is not an exclusive public function."); *Gunawardana v. Am. Veterinary Med. Ass'n*, 515 F.Supp.3d 892, 908 (S.D. Ill. 2021) (entity that developed and administered a Clinical Proficiency Exam for veterinarians was not a state actor); *Jaramillo v. Prof. Exam. Serv.*, 515 F. Supp. 2d 292, 296 (D. Conn. 2007) (testing service that provides state licensing examinations was not a state actor, despite its status as "government contractor"). Plaintiff has not stated a Due Process claim against NCBE.

### V. Plaintiff's Equal Protection Claim Fails Because NCBE is Not a State Actor

It is not clear if Plaintiff is asserting her Equal Protection claim against all defendants or only the Ohio Defendants. *See* Compl. ¶¶ 92-98, ECF No. 1 at PAGEID # 12. If asserted against NCBE, this claim also fails as a matter of law because NCBE is not a state actor, as required to state a viable Equal Protection claim. *See* cases cited *supra* at 10.

### VI. Plaintiff's Claim under 42 U.S.C. § 1983 Fails Because NCBE Has Not Acted Under Color of State Law and Has Not Deprived Plaintiff of any Rights Secured by Federal Law

It is not clear if Plaintiff is asserting her Section 1983 claim against all defendants or only the Ohio Defendants. *See* Compl. ¶¶ 99-105, ECF No. 1 at PAGEID # 12-13. If asserted against NCBE, her Section 1983 claim fails as matter of law because NCBE is not a state actor and has deprived Plaintiff of any rights that – with respect to NCBE – are secured by federal law. She has therefore failed to state a viable Section 1983 claim.

"A plaintiff invoking § 1983 must establish that the defendant was acting 'under the color of state law' and deprived the plaintiff of 'rights secured by federal law.' *League of Women Voters v. Brunner*, 548 F.3d 463, 475 (6th Cir. 2008) (internal citations omitted). An individual acts under color of state law, as required by § 1983, when he has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' *Dean v. Byerley*, 354 F.3d 540, 552 (6th Cir. 2004) (cleaned up) ([citation omitted])). *Lawson v. Creely*, 137 F.4th 404, 411-12 (6th Cir. 2025). "Framed another way, '[i]f an individual is possessed of state authority and purports to act under that authority, his action is state action.'" *Id*. at 412.

NCBE is a private, non-profit entity. It does not act under color of any state law. It simply develops examinations that jurisdictions can choose to use, or not, as part of their bar admission process. The use of NCBE's products by state entities does not convert NCBE into a state actor

11

or mean that NCBE is acting under state law when it develops those products. *See Naglak v. Berlin*, No. 87–3427, 1988 WL 30920, *4 (E.D. Pa. Mar. 30, 1988) ("Ms. Naglak has also not shown how the actions of the National Board [of Medical Examiners], a private organization, constitute state action for purposes of section 1983."); *see also* cases cited *supra* at 10.

Likewise, Plaintiff has not stated a viable claim for the deprivation of any rights that, with respect to NCBE, are secured by federal law. Her claims against NCBE under Titles VI and VII of the Civil Rights Act fail for the reasons stated above, as do any Constitutional claims that she purports to be asserting against NCBE.

Plaintiff's Section 1983 claim against NCBE thus fails as a matter of law.

**VII.      Plaintiff Has Failed to State a Claim Against NCBE for the Negligent or Intentional Infliction of Emotional Distress**

Count Six of Plaintiff's Complaint asserts that each defendant is liable to Plaintiff for the negligent infliction of emotional distress or, alternatively, the intentional infliction of emotional distress. *See* Compl. ¶¶ 106-113, ECF No. 1 at PAGEID # 13-14. However, she has failed to allege facts that, taken as true, would support either theory, thereby warranting dismissal of Count Six under Fed. R. Civ. P. 12(b)(6).

"'To make out a claim for negligent infliction of emotional distress ("NIED") under Ohio law, a plaintiff must show that: (1) the plaintiff was in fear of a real, imminent, physical danger; (2) the physical danger was caused by the defendant; (3) the plaintiffs apprehension of this danger caused the plaintiff to suffer emotional distress; (4) the emotional distress suffered by the plaintiff was reasonably foreseeable; and (5) the emotional distress suffered by the plaintiff was 'both severe and debilitating,' meaning that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.'" *Waseleski v. City of Brooklyn*, 2024 WL 1767279, at *11 (S.D. Ohio April 24, 2024) (citations

12

omitted). "Under Ohio law, claims for negligent infliction of emotional distress are limited to instances where a plaintiff 'either witnessed or experienced a dangerous accident or appreciated the actual physical peril, and, as a result of this cognizance, suffered serious emotional distress,'" so a "'complaint for negligent infliction of emotional distress must allege that 'the plaintiff was placed in fear of physical consequences to his or her own person.'" *Id*. (citations omitted). Here, there is no allegation by Plaintiff that NCBE did anything that placed her in fear of physical peril, nor could any such allegation be made. She has thus failed to plead the elements necessary to sustain a claim for negligent infliction of emotional distress.

"'To establish a claim for intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature no reasonable person could be expected to endure.'" *Reeves v. P&E Logistics, Inc*., No. 2:21-cv-4167, 2022 WL 899688 at *5 (S.D. Ohio Mar. 28, 2022) (citations omitted). "A trial court may dismiss a claim for intentional infliction of emotional distress where the alleged conduct does not, as a matter of law, reach the level of 'extreme and outrageous' conduct." *Id*. (citations omitted).

Here, Plaintiff alleges that NCBE should have given the Ohio Defendants more information about the "extent to which [the] UBE exam assesses a candidate's/applicant's minimum competence to practice law," and that NCBE should have stopped "the Supreme Court of Ohio Defendants from allowing its UBE to have a disparate impact on African American Bar licensing

candidates/applicants." *See* Compl. ¶¶ 109, 111, ECF No. 1 at PAGEID # 14. Those allegations, even if accepted as true, do not come anywhere close to stating a claim for the intentional infliction of emotional distress. *Cf. Reeves v. P&E Logistics*, *supra,* 2022 WL 899688 at *6 (dismissing plaintiff's intentional infliction of emotional distress claim after finding that, even if taken as true, plaintiff's allegations of age discrimination, race discrimination and sexual harassment were not "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized society'") (citations omitted).

### VIII. Plaintiff's Request for Attorney's Fees Should be Dismissed Because *Pro Se* Plaintiffs Cannot Recover Attorney's Fees

Although she is not a licensed attorney and is proceeding *pro se*, Plaintiff's prayer for relief includes a request for attorney's fees. *See* Compl. at 14, 16, ECF No. 1 at PAGEID # 14, 16. This request should be dismissed even if any of her claims could survive dismissal. "[P]*ro* se plaintiffs, who are not themselves attorneys, are not entitled to attorneys' fees." *Reeves v. P&E Logistics, supra,* 2022 WL 899688 at *6 (dismissing plaintiff's request for attorney's fees pursuant to a motion to dismiss, in a case asserting state and federal claims for age discrimination, race discrimination, sexual harassment, retaliation, wrongful termination, constructive discharge, breach of implied contract, promissory estoppel, wage and hour violations, slander, libel, and intentional infliction of emotional distress); *see also See Kay v. Ehler*, 499 U.S. 432, 435 (1991) ("The Circuits are in agreement ... on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees.") (original emphasis).

## **CONCLUSION**

The Court should dismiss all claims asserted by Plaintiff against NCBE.

Dated: August 29, 2025

Respectfully submitted,

/s/ *Danielle S. Rice*
Danielle S. Rice (0093757)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
Columbus, Ohio 43215
614-464-5628
dsrice@vorys.com

Robert A. Burgoyne (*pro hac vice*)
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, DC 20005-3960
202-654-1744
rburgoyne@perkinscoie.com

*Counsel for Defendant*
*National Conference of Bar Examiners*

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing document was electronically filed on August 29, 2025, via the Court's CM/ECF System, which will send notification of such filing to Plaintiff, who has been granted permission to use the CM/ECF System.  A copy of the motion will also be served on Plaintiff via U.S. Mail at the following address:


  John Doe
  6908 Willow Bloom Drive
  Canal Winchester, OH 43110


                  /s/ *Danielle S. Rice*
                    Danielle S. Rice