**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN DOE,** *et al.*,

     **Plaintiffs,**

                                    **Civil Action 2:25-cv-0773**
                                      **Judge Algenon L. Marbley**

     **v.**                               **Magistrate Judge Elizabeth P. Deavers**

**THE OHIO SUPREME COURT,** *et al.*,

     **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for a Protective Order Granting Plaintiff the Ability to Proceed Anonymously. (ECF No. 3.) Defendants Supreme Court of Ohio and Ohio Board of Bar Examiners ("State Defendants") filed a response in opposition. (State Resp., ECF No. 22.) Defendant National Conference of Bar Examiners ("NCBE") filed a response in opposition. (NCBE Resp., ECF No. 26.) Plaintiff did not file any reply. This matter is ripe for judicial review. For the following reasons, Plaintiff's Motion (ECF No. 3) is **DENIED**.[1]

### I. BACKGROUND

Plaintiff initiated this case on July 11, 2025, against State Defendants, NCBE, and John Doe, alleging violations of 42 U.S.C. § 2000e; the Equal Protection and Due Process clauses of the Fourteenth Amendment; 42 U.S.C. § 1983; and "negligent/intentional" infliction of emotional distress. (ECF No. 1.) Plaintiff alleges that the Universal Bar Examination score required by Defendant Ohio Board of Bar Examiners has a disparate impact on African

---

[1] Plaintiff requests oral argument. (ECF No. 3.) The Court finds the briefing sufficient to issue a ruling and **DENIES** Plaintiff's request.

Americans; Defendants' "conduct exhibits a pattern, or practice of intentional discrimination, or a deliberate indifference to the rights of African American Bar Candidates as well as unequal treatment"; Defendant Supreme Court of Ohio's licensing standards for attorneys are not equally applied; Defendants' scoring of Plaintiff's three bar exams was racially discriminatory; Defendant Supreme Court of Ohio's adoption of "Rule I Section 1(E) of the Supreme Court Rules for the Government of the Bar of Ohio" violates the Fourteenth Amendment; Defendant Supreme Court of Ohio permitted "its employees to participate in a pattern, or practice of intentional discrimination, or allowed its employees" to violate the Fourteenth Amendment and federal and state laws; and Defendants behavior regarding Rule I Section 1(E) negligently caused Plaintiff emotional distress.  (*Id.* at PageID 5–14.)

## II.        STANDARD OF REVIEW

As a general rule, all parties must be named in a lawsuit.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).  Courts thus "start from the premise that proceeding pseudonymously is the exception rather than the rule."  *Doe v. Franklin Cty., Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013); *see also Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).  The United States Court of Appeals for the Sixth Circuit, however, recognizes that under certain circumstances plaintiffs may be excused from identifying themselves.  *Doe v. Franklin Cty.*, 2013 WL 5311466 at *2.  The guiding principle is "whether a plaintiff's privacy interests substantially outweighs the presumption of open judicial proceedings."  *Id.*; *see also E.E.O.C. v. Care Centers Mgmt. Consulting Inc.*, No. 2:12-cv-207, 2012 WL 4215748, at *3 n. 2 (E.D. Tenn. Sept. 18, 2012); *Porter*, 370 F.3d at 560; *Doe v. Warren Cnty., Ohio*, No. 1:12-CV-789, 2013 WL 684423, at *3 (S.D. Ohio Feb. 25, 2013).  A "plaintiff faces a 'heavy burden' to avoid her obligation under the rules of civil procedure to disclose her identity.  *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *2

2

(N.D. Ohio Feb. 3, 2016) (quoting *Doe v. Warren Cnty.*, 2013 WL 684423, at *2–3). Courts in

the Sixth Circuit consider the following factors in this analysis:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Doe v. Porter*, 370 F.3d at 560 (internal quotations and citations omitted). A "court may exercise

its discretion to consider other factors that may be relevant in a particular case . . . ." *Doe v.*

*Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *5 (M.D. Tenn.

Oct. 29, 2021). Indeed, courts may "consider whether the defendants are being forced to proceed

with insufficient information to present their arguments against the plaintiff's case." *Doe v.*

*Webster Cnty.*, No. 4:21-CV-00093, 2022 WL 124678, at *2 (W.D. Ky. Jan. 12, 2022) (quoting

*Citizens for a Strong Ohio*, 123 F. App'x at 636). Courts may also consider "whether the

plaintiff will suffer harm if [she] is identified." *Doe v. Whitmer*, No. 1:19-CV-422, 2019 WL

4645686, at *2 (W.D. Mich. July 1, 2019), *report and recommendation adopted*, No. 1:19-CV-

422, 2019 WL 4643706 (W.D. Mich. Sept. 24, 2019). No one factor is dispositive. *Id.* (citing

*Doe v. University of Pittsburgh*, 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018)).

## III.     ANALYSIS

The Court finds that Plaintiff's privacy interests do not substantially outweigh the

presumption of open judicial proceedings. Plaintiff argues that her "suit challenge [sic]

governmental activity, [her] claim involves sensitive topics including Bar licensing failures,

racial discrimination and Civil Rights violations, and an affirmative ruling does not force the

Defendants to proceed with insufficient information to present their arguments against Plaintiff's

claim." (Mot. at PageID 34.) Plaintiff further asserts that public announcement of her multiple

unsuccessful attempts to pass the bar exam "may place Plaintiff at risk of failing to obtain future employment, and it may affect Plaintiff's ability to attract future clients . . . ." (*Id.* at PageID 38.)

State Defendants assert that only the first *Porter* factor weighs in favor of granting Plaintiff's Motion, and as she fails to meet her burden, the Court should deny her motion. (State Resp. at PageID 224, 226.) State Defendants rely on *Doe v. The Univ. of Akron* in support, particularly to emphasize that Plaintiff's "vague concerns" about her reputational fears are insufficient. (State Resp. at PageID 227; 2016 WL 4520512.) State Defendants also note that the consideration of whether anonymity would force them "to proceed with insufficient information to present their arguments" does not apply—they already know Plaintiff's identity. (*Id.* at PageID 224.)

Defendant NCBE argues that "Plaintiff's privacy interests do not outweigh the presumption in favor of openness" because only the first *Porter* factor applies. (NCBE Resp. at PageID 288.) In response to Plaintiff's reputational concerns, Defendant NCBE contends they are insufficient to proceed anonymously and cites to a variety of cases across the country in support. (*Id.* at PageID 288–90.)

Plaintiff does not provide any analysis under the *Porter* factors. The Court, however, finds that the first *Porter* factor weighs slightly in favor of Plaintiff proceeding anonymously as her suit challenges government activity in part. "The Sixth Circuit has recognized the need for anonymity only in those exceptional cases where plaintiffs are suing to challenge government activity which requires plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Doe v. Cuyahoga Cnty. - Off. of Cnty. Exec.*, No. 1:22-CV-01677, 2023 WL 2374870, at *2 (N.D. Ohio Mar. 6, 2023) (quoting *Ericksen v.*

4

*United States*, 2017 WL 264499, at *2 (E.D. Mich. Jan. 20, 2017) (internal quotations and citations omitted)). Plaintiff provides no argument that this is one such exceptional case.

Plaintiff spends most of her motion arguing why Defendants have sufficient information. As to State Defendants, her argument that they have sufficient information is moot—State Defendants know Plaintiff's name. (State Resp. at PageID 224.) This factor accordingly only applies to one out of the three Defendants, Defendant NCBE. NCBE, however, does not address this factor. In the absence of opposition, the Court finds that this factor does not weigh against Plaintiff proceeding anonymously. "Nevertheless, no factor alone, . . . compels allowing a plaintiff to proceed anonymously." *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, 694 F. Supp. 3d 1040, 1044 (M.D. Tenn. 2023). Instead, Plaintiff spends

Finally, Plaintiff's claims of potential harm to herself are insufficient. Plaintiff provides nothing more than conclusory statements about her generalized fears of embarrassment, inconvenience, unfairness, humiliation, and failing to obtain employment and attract clients. (Mot. at PageID 37–38.) As Defendants note, "[u]nsubstantiated fears of speculative harm are insufficient to outweigh the presumption of open judicial proceedings." *Doe v. The Univ. of Akron*, 2016 WL 4520512, at *4 (citing *Doe v. Franklin Cnty., Ohio*, 2013 WL 5311466, at *3). *See also Doe v. Tennessee Bd. of L. Examiners*, No. 3:22-CV-138, 2022 WL 2951447, at *2 (E.D. Tenn. July 25, 2022) (denying the plaintiff leave to proceed under a pseudonym in part for failure to articulate more than generalized fears of embarrassment and reputational harm).

The Court also notes Plaintiff's failure to cite a single case wherein a litigant was permitted to proceed anonymously under similar circumstances and her failure to distinguish her situation from the multitude of similar cases in which current and former law students litigate under their own names. *See Doe v. The Univ. of Akron*, 2016 WL 4520512, at *4 (collecting

cases where law students litigated under their own name); *Doe v. Tennessee Bd. of L. Examiners*, 2022 WL 2951447, at *3 (noting that cases similar to plaintiff's "seem to proceed in the plaintiff's name" where plaintiff sued the Tennessee Board of Law Examiners in part for discrimination and sought to proceed under a pseudonym).

On balance, Plaintiff fails to meet her heavy burden. The Court finds that Plaintiff's privacy interests do not substantially outweigh the presumption in favor of open judicial proceedings.

### IV.      CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Protective Order Granting Plaintiff the Ability to Proceed Anonymously is **DENIED**. (ECF No. 3.) Plaintiff is **ORDERED** to refile her Complaint and disclose her full name with **FOURTEEN (14) DAYS** of this Order. The Clerk is **DIRECTED** to amend the caption accordingly.

**IT IS SO ORDERED.**


Date: September 25, 2025                          /s/ *Elizabeth A. Preston Deavers*
                                                         **ELIZABETH A. PRESTON DEAVERS**
                                                         **UNITED STATES MAGISTRATE JUDGE**