IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANNIE SMITH**, *et al.*,

    Plaintiffs,

v.

    Civil Action 2:25-cv-0773
    Judge Algenon L. Marbley
    Magistrate Judge Elizabeth P. Deavers

**THE OHIO SUPREME COURT**, *et al.*,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint. (ECF No. 33.) Plaintiff indicates that Defendant National Conference of Bar Examiners does not oppose her Motion. (*Id.*) Defendants Supreme Court of Ohio and Ohio Board of Bar Examiners ("State Defendants") filed a response in opposition. (ECF No. 36.) Plaintiff did not file a reply. For the following reasons, Plaintiff's Motion (ECF No. 33) is **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court

examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

The Court finds that Plaintiff's proposed amendment is proper pursuant to Rule 15(a)(2). Plaintiff provides the conclusory statement that "there would be no substantial or undue prejudice, bad faith, undue delay, or futility." (ECF No. 33, at PageID 388.) State Defendants oppose Plaintiff's Motion only on futility grounds. (ECF No. 36, at PageID 444–50.) Upon its own review, the Court finds that Plaintiff did not unduly delay in moving for leave, there was not lack of notice to opposing parties, there was not bad faith by Plaintiff, Plaintiff has not repeatedly failed to cure deficiencies, and there will not be undue prejudice to the opposing parties.

In addition, the Court is not persuaded that denying leave to amend on purported futility grounds is appropriate here. In addressing a futility argument in the context of a motion for leave to amend a complaint, the Court routinely notes that "denying a motion for leave to amend on grounds that the proposed [complaint] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-CV-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011). Further, the Court acknowledges the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Id.* at *4 (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted. . . ."). In that circumstance, the Court regularly concludes that the better course of action is to permit the

amendment to a complaint with the understanding that a defendant is free to challenge the claims through a motion to dismiss.  Here, the Court finds it an appropriate exercise of its discretion to permit the amendment.

Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint.  (ECF No. 33.)  The Clerk is **DIRECTED** to detach and file ECF No. 33-1.

**IT IS SO ORDERED.**

**Date: December 5, 2025**               */s/ Elizabeth A. Preston Deavers*
                                         **ELIZABETH A. PRESTON DEAVERS**
                                         **UNITED STATES MAGISTRATE JUDGE**